# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SOUTHERN AIR HOLDINGS, INC., *et al.*[1] | Case No. 12-12690 (CSS) |
| Reorganized Debtors. | Jointly Administered |
| BARRY E. MUKAMAL, as Litigation Trustee for the SAI Litigation Trust, | |
| Plaintiff, | Adv. Pro. No. 14-50760 (CSS) |
| v. | |
| SERVISAIR LLC; SERVISAIR FUEL SERVICES LLC; and SWISSPORT USA, INC., a Delaware corporation, | |
| Defendants. | |

## SWISSPORT USA, INC.'S MOTION TO DISMISS COMPLAINT

COMES NOW, Swissport USA, Inc. ("Swissport"), by its undersigned counsel, and files this Motion to Dismiss Complaint ("Motion") filed by Barry E. Mukamal, as Litigation Trustee for the SAI Litigation Trust ("Plaintiff" or "Liquidating Trustee"), pursuant to Federal Rule of Civil Procedure 12(b) made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012 ("Rule 7012"), stating to the Court as follows:

---

[1] The "Reorganized Debtors" in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: (1) Southern Air Holdings, Inc., 6605, (2) Cargo 360, Inc., 4233; (3) Southern Air, Inc., 2187; and (4) Air Mobility Inc., 3824. In connection with the Reorganized Debtors' plan of reorganization, the other affiliated debtor and debtors in possession were dissolved or are in the process of dissolution. The Reorganized Debtors' current address is 7310 Turfway Road, Suite 400, Florence, Kentucky 4102.

PAC 1169858v.1

## SUMMARY OF ARGUMENT

The Complaint must be dismissed for failure to state a claim against Swissport upon which relief can be granted pursuant to FRBP 7012. As evidenced by Exhibit "A" to the Complaint, Swissport did not receive any of the Transfers for which avoidance and recovery are sought, and the Transfers did not satisfy an antecedent debt to Swissport. Without exception, the Transfers alleged in the Complaint, totaling over $8 million, were received by co-defendant Servisair LLC, and the relevant antecedent debts were owed to Servisair LLC.

Despite all of the foregoing, the Liquidating Trustee included Swissport as a defendant in this Adversary Proceeding. Notably, the Complaint contains no factual allegations explaining the basis for Swissport's inclusion as a defendant. Instead, the Liquidating Trustee merely alleges, in purely conclusory fashion, that all of the defendants (without distinguishing among them) were either initial transferees, immediate or mediate transferees, or persons for whose benefit the Transfers were made. The Liquidating Trustee makes no attempt to explain the basis for these allegations, nor does he allege which of these aforementioned categories applies with respect to Swissport. In fact, the Complaint alleges no facts whatsoever that are specific to Swissport with respect to the Transfers. This type of conclusory, threadbare pleading without supporting factual allegations is routinely found to be insufficient as a matter of law, and the Complaint should be dismissed.

## BACKGROUND

1. On September 24, 2014, the Plaintiff commenced the above captioned adversary proceeding ("Adversary Proceeding") by filing a complaint ("Complaint") against Servisair LLC, Servisair Fuel Services LLC and Swissport USA, Inc. in the Debtors' bankruptcy cases. The Complaint seeks to avoid transfers totaling $8,031,263.60 ("Transfers") pursuant to 11

U.S.C. § 547, and to recover property transferred pursuant to 11 U.S.C. § 550. The Complaint also seeks disallowance of defendants' claims pursuant to 11 U.S.C. § 502(d) and (j).

2. On September 26, 2014, this Court issued a Summons and Notice of Pretrial Conference.

3. For the reasons set forth below, the Complaint is legally insufficient and fails to state a claim upon which relief should be granted. Defendant Swissport seeks dismissal of the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012.

4. Swissport does not consent to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARD

Swissport seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Rule 7012, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)("*Twombly*"); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

During the past several years, the United States Supreme Court has emphasized the necessity of pleading factual allegations that support the legal claims being asserted. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Twombly*. Specifically, the Supreme Court has cautioned that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'. Nor does a complaint suffice if it tenders 'naked assertion(s)' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 555, 557). In line with these clear instructions, this Court has not hesitated to dismiss complaints that consist merely of conclusory allegations devoid of factual support. *See, e.g., In re Ultimate Acquisition Partners, L.P.*, 2012 WL 1556098 *3 (Bankr. D. Del. 2012)(dismissing preference complaint for failure to identify transferor from among multiple debtors); *In re WBE, LLC*, 2011 WL 2607090 (Bankr. D. Del. 2011)(slip copy)(dismissing preference claim against multiple defendants where trustee failed to identify the transferee for the preferential transfers sought to be avoided); *In re Crucible Materials Corp.*, 2011 WL 2669113 (Bankr. D. Del. 2011)(dismissing preference complaint where plaintiff failed to sufficiently identify transferor and failed to allege sufficient facts detailing the nature of the alleged antecedent debt).

As this Court has held, "[t]o survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain sufficient factual allegations which, if true, would establish plausible grounds for a claim: the threshold requirement . . . [is] that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief" *The Official Comm. of Unsecured Creditors of Midway Games, Inc. v. Nat'l Amusements Inc. (In re Midway Games Inc.)*, 428 B.R. 303, 312 (Bankr. D. Del. 2010) (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). To that end, "[l]egal conclusions are not entitled to the presumption of truth." *In re Midway Games, Inc.*, 428 B.R. at 312. "The plaintiff must put some 'meat on the bones' by presenting sufficient factual allegations to explain the basis for its claim." *In re Crucible Materials Corp.*, 2011 WL 2669113 *2.

II. **THE TRUSTEE'S CLAIMS FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS (COUNTS I AND II) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AS TO SWISSPORT.**

In the present case, the Plaintiff seeks avoidance and recovery of over $8 million in Transfers. However, Exhibit A to the Complaint fails to identify *any* transfers received by

Swissport. Without exception, the Transfers were received by co-defendant Servisair. In purely conclusory fashion, the Complaint alleges merely that the three named defendants (collectively) were "the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made." Compl. ¶ 29.

Plaintiff continues to speculate that "to the extent that Defendants are not the initial transferee of any of the Transfers, Defendants are the entities for whose benefit each of the Transfers was made or is the immediate or mediate transferee of the initial transferee of such payments." Compl. ¶ 31. The Liquidating Trustee makes no attempt to explain the factual bases for these allegations, nor does he allege which of these aforementioned categories applies with respect to Swissport. In fact, the Complaint alleges no facts whatsoever that are specific to Swissport with respect to the Transfers.

In addition to failing to allege specific facts relevant to the receipt of the Transfers, the Complaint fails to allege any facts whatsoever surrounding the parties' relationships, such as any contracts between the parties, the specific types of goods and services sold, and the nature and duration of the parties' relationship. Nor does Plaintiff allege any facts detailing the nature of the alleged antecedent debt owed to Swissport. That alone constitutes sufficient reason for dismissal of the Complaint. *See Charys Liquidating Trust v. Hades Advisors, LLC (In re Charys Holding Company, Inc.)*, 2010 WL 2788152 (Bankr. D. Del. 2010)(dismissing preference complaint on grounds that plaintiff failed to allege sufficient facts showing an antecedent debt owed by debtor to defendant). Aside from formulaic, conclusory allegations, the Complaint is devoid of any factual support whatsoever as to the reasons for Swissport's inclusion in this lawsuit, leaving Swissport forced to speculate as to the Plaintiff's legal theory.

For all of these reasons, the Complaint fails to comply with the well-settled pleading

requirements and represents the type of threadbare pleading prohibited by the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure under directly applicable Supreme Court's precedent in *Twombly*.

### III. THE TRUSTEE'S CLAIM FOR DISALLOWANCE OF SWISSPORT'S CLAIM (COUNT III) LIKEWISE FAILS AS A MATTER OF LAW.

Pursuant to Count III of the Complaint, the Litigation Trustee seeks disallowance of Swissport's claims pursuant to § 502(d) of the Bankruptcy Code. Like Counts I and II, the Trustee's section 502(d) claim should be dismissed for failure to state a claim. As this Court has previously held, "[a] debtor or trustee 'wishing to avail itself of the benefits of section 502(d) must first obtain a judicial determination on the preference complaint.'" *In re Ultimate Acquisition Partners, L.P.* 2012 WL 1556098 *3 (Bankr. D. Del. 2012)(dismissing section 502(d) claim where The Trustee had not obtained a judicial determination of defendant's liability). In the present case, the Liquidating Trustee has not obtained a judgment against Swissport, and the § 502(d) claim is premature and improper. Accordingly, Swissport respectfully requests that the Court dismiss Count III of the Complaint.

## CONCLUSION

For the reasons set forth herein, Swissport USA, Inc. respectfully requests that this Court enter an order: (i) granting the Motion; (ii) dismissing the Complaint as to Swissport USA, Inc.; and (iii) for such other and further relief as the Court deems necessary and proper.

Dated: October 22, 2014
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

/s/ Etta R. Mayers
Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

-and-

**WILEY REIN LLP**
Dylan G. Trache
Rebecca L. Saitta
7925 Jones Branch Drive, Suite 6200
McLean, VA 22102
Telephone: (703) 905-2800
Facsimile: (703) 905-2820

*Counsel to Swissport USA, Inc.*